IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

ANGELA PARRA, and all others
similarly situated,

    Plaintiff,

vs.                                                  **Collective Action**

BBD HOLDINGS & VENTURES, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

# COMPLAINT

## I. INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA"), to recover unpaid overtime wages on behalf of Plaintiff ANGELA PARRA (hereinafter "PARRA"), and all others similarly-situated to her who were formerly, or are currently, employed as hourly paid employees by Defendant BBD HOLDINGS & VENTURES, LLC (hereinafter referred to as "Defendant"). Plaintiff PARRA also brings a count for unlawful retaliation for being terminated because she complained about the Defendant's illegal practices.

2. Defendant employs these employees within the Southern District of Florida to perform various administrative operation and sales for its business, which is providing payday loans.

3. Throughout the liability period, Defendant has owned and operated various payday loan companies within the Southern District of Florida.

4. For at least three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendant has had policies and practices to require its hourly paid employees to work off the clock without compensation.

5. Pursuant to the FLSA, Plaintiff, on behalf of herself and all others similarly situated to her who were formerly, or are currently, employed as hourly paid employees for Defendant during the liability period, seeks unpaid overtime wages, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendant.

6. Plaintiff will request the Court to authorize concurrent notice to all hourly paid employees who are employed by Defendant or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.   JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.   VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendant may be deemed to reside because Defendant conduct business within the Southern District of Florida.

## IV.   PARTIES

### Plaintiff ANGELA PARRA

9. PARRA was, at all material times, a resident of Broward County, Florida.

10. PARRA, at all material times, was a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Defendant employed PARRA as an hourly paid administrative employee.

12. During the Liability Period, PARRA, and all other similarly situated hourly paid employees, were required to work many hours without any compensation whatsoever. To wit: PARRA, and all other similarly situated hourly paid employees would work more than 40 hours per week, but would only get paid exactly for 40 hours, and would not be paid any overtime compensation.

13. During the Liability Period, PARRA, and all other similarly situated hourly paid employees, complained to both the human resources department and the Director of Operations, about having to work without pay, but nothing was ever done to remedy the problem.

**Defendant**

14. Defendant, BBD HOLDINGS & VENTURES, LLC (hereinafter, "BBD HOLDINGS") is a Florida Limited Liability Company located in Palm Beach County and doing business all throughout the United States, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the office where PARRA was employed.

15. At all times material hereto, BBD HOLDINGS is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

**V. GENERAL FACTUAL ALLEGATIONS**

16. The allegations in paragraphs 17 through 22 occurred during the liability period.

17. Defendant does not pay its hourly paid employees for all hours worked.

18. All hourly paid employees employed by Defendant are not exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

19. All hourly paid employees employed by Defendant are entitled to be paid their agreed upon wage for all hours worked.

20. There are numerous persons similarly-situated to Plaintiff who are, or were, employed as hourly paid employees for Defendant during the liability period.

21. During the liability period, Defendant willfully and recklessly required its hourly paid employees to work off the clock without compensation, as it was aware that this illegal practice was taking place, but did nothing whatsoever to remedy the problem and ensure that its hourly paid employees were paid for all hours worked.

22. During the liability period, the hours that the hourly paid employees worked without compensation were overtime hours because they would frequently work more than forty hours per week.

## VI. FIRST CLAIM – Unpaid Overtime

23. The allegations in paragraphs 1-22 are incorporated by reference herein.

24. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires overtime compensation wages to non-exempt employees, 29 U.S.C. § 207.

25. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to her have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

      A.      To authorize the issuance of notice at the earliest possible time to all BBD HOLDINGS hourly employees who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours off the clock without compensation during the Liability Period;

      B.      To declare that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. 207, as to the Plaintiff and persons similarly situated;

      C.      To declare that Defendant's violations of the FLSA to be willful;

      D.      To declare that Defendant's failure to pay Plaintiff and persons similarly situated violations the Florida common law;

      E.      To award Plaintiff, and other similarly situated current and former BBD HOLDINGS hourly employees, damages for the amount of the unpaid overtime wages and liquidated damages, subject to proof at trial;

      F.      If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

      G.      To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

      H.      To award Plaintiff, and other similarly situated current and former BBD HOLDINGS hourly employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## VIII. SECOND CLAIM – Retaliation (as to Angela Parra Only)

26.      The allegations in paragraphs 1-22 are incorporated by reference herein.

27.      Plaintiff complained about not receiving overtime compensation several times during her employment.

28. Shortly after one of the times that Plaintiff complained about her pay, she was terminated for no reason at all.

29. As a result of Plaintiff's complaint about her pay, Defendant subsequently terminated the Plaintiff.

30. Defendant's actions as more particularly described above were directly related to and in response to Plaintiff's complaint about not receiving overtime pay.

31. Plaintiff's complaint about her pay constitutes statutorily protected conduct under Section 15(a)(3) of the FLSA.

32. Defendant's adverse treatment of Plaintiff was pre-textual and a direct result of Plaintiff's opposition to Defendant's pay practices.

33. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

36. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from BBD HOLDINGS:

    a. All lost wages that are due, including pre-judgment interest;

    b. As liquidated damages, an amount equal to lost wages

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court will grant judgment against BBD HOLDINGS:

    a. awarding Plaintiff all lost wages found by the court to be due to her, including pre-judgment interest;

      b.    awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to her

      c.    awarding Plaintiff his costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: June 29, 2015
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff